IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MONICA R. WATTS,

   Plaintiff,

     v.

BANK OF NEW YORK MELLON, N.A.,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2701-TWT

**OPINION AND ORDER**

This is a wrongful foreclosure case. It is before the Court on the Plaintiff's Motion to Remand [Doc. 6] and the Defendant's Motion to Dismiss [Doc. 4]. For the reasons set forth below, the Plaintiff's Motion to Remand [Doc. 6] is DENIED and the Defendant's Motion to Dismiss [Doc. 4] is GRANTED.

**I. Background**

On February 27, 2004, the Plaintiff Monica R. Watts purchased a home at 4309 Ben Hill Road in College Park, Georgia. (Am. Compl. ¶¶ 3, 6.) In connection with this purchase, the Plaintiff executed a security deed in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for Home Star Mortgage Services, LLC. (Am. Compl. ¶ 7.) In 2011, the Plaintiff fell behind on her payments and petitioned

her original lender for a loan modification. (Am. Compl. ¶¶ 9-10.) On May 24, 2012, MERS assigned the security deed to the Defendant Bank of New York Mellon. (Am. Compl. ¶ 8.) And on June 15, 2012, the Plaintiff received a Notice of Foreclosure which listed EMC Mortgage Corporation as the servicer of her loan. (Am. Compl. ¶ 11.)

The Plaintiff contacted EMC multiple times about her loan modification request, and she was told that the request was still pending. (Am. Compl. ¶¶ 14-15.) On August 7, 2012, the Defendant foreclosed on the Property. (Am. Compl. ¶ 16.) Then, a day after the foreclosure, the Plaintiff received a letter from Chase Bank indicating that her modification request had been denied because it was submitted "too close to the date of the foreclosure sale." (Am. Compl. ¶¶ 17-18.) On August 16, 2012, the Plaintiff received a letter which listed Wells Fargo Bank as an investor in her loan. (Am. Compl. ¶ 21.) Additionally, the MERS online system identified Bank of America as an investor in her loan. (Am. Compl. ¶ 12.)

The Plaintiff brought suit against the Defendant, asserting claims for wrongful foreclosure[1] and unjust enrichment. The suit was originally filed in the Superior Court

---

[1] The Plaintiff asserted three wrongful foreclosure claims. First, she argues that the Defendant impermissibly failed to respond to her loan modification request prior to the foreclosure sale. Second, she argues that the Defendant did not have a right to foreclose on the Property because two other entities, Bank of America and Wells Fargo, may have been investors in her loan. Third, she argues that the foreclosure

of Fulton County, but was removed to this Court by the Defendant. The Plaintiff now moves to have the case remanded back to the state court. The Defendant moves to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice

---

notice she received from the Defendant was deficient.

pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

#### A. Subject-Matter Jurisdiction

The Plaintiff argues that the Court lacks subject matter jurisdiction because she seeks less than $75,000 in damages. "On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the

$75,000 jurisdictional requirement."[2] Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). "[R]emoval . . . is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Additionally, "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000).

Here, the amount-in-controversy requirement is satisfied because the value of the equitable relief sought exceeds $75,000. In the Amended Complaint, the Plaintiff requested "*reinstatement of title*; and/or alternatively . . . damages . . . not to exceed $74,999." (Am. Compl., at 9) (emphasis added). The value of the Property undoubtedly exceeds $75,000. In order to purchase the Property, the Plaintiff signed a promissory note in the amount of $132,752.00. (Am. Compl., at Ex. B.) In addition, the Plaintiff alleges that the Property was sold at the foreclosure sale for $141,161.36. Although the Amended Complaint does not expressly state that the value of the Property exceeds the jurisdictional minimum, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other

---

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a).

reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted).[3] The value of the Property plus the damages sought exceeds the jurisdictional amount.

### B. Wrongful Foreclosure

The Plaintiff asserted three wrongful foreclosure claims. "In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted).

The Plaintiff first argues that the Defendant breached its duty to exercise its power of foreclosure in a fair manner. Specifically, the Plaintiff argues that the Defendant had an obligation to respond to the Plaintiff's loan modification request prior to the date of foreclosure. "Where a foreclosing party breaches his statutory duty

---

[3] The Amended Complaint states that the Property was valued at $62,903 on a Form 1099-C. (Am. Compl. ¶ 58.) In support, the Plaintiff cites to Exhibit I of her Amended Complaint. However, there is no "Exhibit I" attached to her Amended Complaint. Regardless, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." Roe, 613 F.3d at 1061. "Otherwise, a defendant could wrongly be denied the removal to which it is entitled." Id. at 1064. Here, the additional facts alleged clearly indicate that the value of the Property exceeds the jurisdictional minimum.

to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." Id. at 174; see also O.C.G.A. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."). Generally, "[w]hen a power of sale [in a security deed] is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App. 529, 532 (2013) (internal quotation marks omitted). Here, the Plaintiff does not even allege that she sent the Defendant a loan modification request. She alleges that she "petitioned her original lender for a loan modification," (Am. Compl. ¶ 10), which was Home Star Mortgage Services, LLC, (Am. Compl., Ex. B.). But even assuming she had sent the Defendant a loan modification request, the Plaintiff's argument still fails. The Plaintiff has not established that a failure to respond to a loan modification request prior to foreclosure renders the foreclosure unfair. In fact, the Plaintiff has failed to establish that there is an independent obligation to entertain a loan modification request at all. See, e.g., Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013) ("[S]eeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure."); Freeman v. Wells Fargo Bank, N.A., No. 1:12-CV-2854-RWS, 2013 WL 2637121, at *4 (N.D. Ga. June 11, 2013) ("Wells

Fargo was under no obligation to modify Plaintiff's loan . . . entering into modification negotiations would not have excused Plaintiff from making payments under the terms of the Note and Security Deed."). The cases cited by the Plaintiff are inapplicable. In those cases, the defendant had made an affirmative misrepresentation that the plaintiff relied on to his or her detriment. For example, in Joseph v. Federal Home Loan Mortgage Corp., No. 1:12-CV-01022-RWS, 2012 WL 5429639, at *3 (N.D. Ga. Nov. 6, 2012), the plaintiff alleged that the defendant had "told her in writing to stop making payments in order to receive a permanent modification." The Court concluded that the plaintiff had stated a viable wrongful foreclosure claim, but not because there was an independent duty to provide a timely response to a modification request. See id. ("If BAC did make such a statement and foreclosed anyway, Plaintiff has stated a plausible claim for wrongful foreclosure based on BAC's failure to exercise the power of sale fairly and in good faith."). Likewise, in Stimus v. CitiMortgage, Inc., No. 5:10-CV-435 MTT, 2011 WL 2610391, at *5 (M.D. Ga. July 1, 2011), the plaintiff alleged that the defendant had "repeatedly assured her . . . that the modification had been approved." The Plaintiff here does not allege that there was any affirmative misrepresentation that may have rendered the foreclosure sale unfair. Accordingly, the Plaintiff's wrongful foreclosure claim for failure to provide a timely response to her modification request should be dismissed.

The Plaintiff then argues that the Defendant may not have had the right to foreclose because at least two other entities claimed to be "investors" in the Plaintiff's mortgage. "A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449 (2008). Here, the Plaintiff never alleges that the Defendant did not hold the Deed. Even more, the Plaintiff herself attached a copy of the Assignment in which MERS transferred the Deed to the Defendant. (Am. Compl., Ex. C.) Even if other entities were investors in the Plaintiff's loan, that does not mean the Defendant had no authority to foreclose. See You v. JP Morgan Chase Bank, 293 Ga. 67, 74 (2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). Accordingly, the wrongful foreclosure claim for lack of a right to foreclose should be dismissed.

Finally, the Plaintiff argues that the Notice of Foreclosure she received from the Defendant did not satisfy the statutory requirements. Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a). "[T]he statute does not require

that notice letters must identify the security creditor." Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013). "The only entity that [has] to be identified in the Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013). Here, the Plaintiff alleges that the Defendant did not have full authority to negotiate, amend, and modify all terms of her mortgage. (Am. Compl. ¶¶ 20, 43-44.) The Plaintiff acknowledges, however, that the Notice of Foreclosure listed the contact information for EMC Mortgage Corporation, the servicer of the Plaintiff's loan. (Am. Compl., Ex. D.) The Plaintiff nonetheless argues that Bank of America or Wells Fargo may have been the owners of her loan, and thus their contact information had to be listed on the Notice of Foreclosure. The Eleventh Circuit addressed a similar argument in Harris. In that case, the plaintiff argued that the notice of foreclosure was "insufficient because it said that Chase had full authority to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as the holder of the promissory note, was the entity with such authority." Harris, 524 Fed. Appx. at 593. The Eleventh Circuit pointed out, however, that "the secured creditor did not need to be identified in the Notice of Foreclosure," and that "[t]he only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of

the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Id. Because the Plaintiff does not allege that EMC lacked the requisite authority, her wrongful foreclosure claim for inadequate notice should be dismissed.[4]

**C. Unjust Enrichment**

The Plaintiff claims that the Defendant was unjustly enriched because it sold the Property for an amount greater than what the Plaintiff allegedly owed according to a Form 1099-C. (Am. Compl. ¶¶ 56-57.) "Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." Tuvim v. United Jewish Communities, Inc., 285 Ga. 632, 635 (2009) (internal quotation marks omitted). Here, the Plaintiff's claim fails as a matter of law for two reasons. First, "[a]n unjust enrichment theory does not lie where there is an express contract." Pryor v. CCEC,

---

[4] The Plaintiff also argues that the Notice was deficient because it listed EMC as an entity with full authority to "discuss, negotiate, or change all terms," whereas the statute requires that the notice identify the entity with full authority to "modify, negotiate, and amend all terms." This argument assumes – incorrectly – that the Notice must not only identify the entity with the requisite authority, but that it must expressly *state* that the entity has the requisite authority by parroting the words of O.C.G.A. § 44-14-162.2(a). See TKW Partners, LLC v. Archer Capital Fund, L.P., 302 Ga. App. 443, 446 (2010) ("OCGA § 44-14-162.2 does not require the individual or entity be expressly identified as having 'full authority to negotiate, amend, and modify all terms of the mortgage,' and we cannot conclude that Archer's notice was legally deficient for failure to do so.").

Inc., 257 Ga. App. 450, 452 (2002). The Deed expressly states how the proceeds of a foreclosure sale must be distributed. (Am. Compl., Ex. B) ("Lender shall apply the proceeds of the sale in the following order: . . . (c) any excess to the person or persons legally entitled to it."). Consequently, the Plaintiff may only recover on a breach of contract theory. See Ceasar, 322 Ga. App. at 534 ("[T]he Ceasars' claims arise from a written contract–the Security Deed–which they attached to their complaint . . . [t]he existence of this written contract precludes the Ceasars' unjust enrichment claim."). Second, the Plaintiff has nonetheless failed to allege facts giving rise to a plausible unjust enrichment claim. The Plaintiff alleges that the Property was sold for $141,161.36. (Am. Compl. ¶ 56.) The Plaintiff then alleges that a Form 1099-C revealed that the Defendant "discharged her loan for $68,070.10." (Am. Compl. ¶ 57.) The Defendant responds – correctly – that even though it may have discharged her loan for this amount, that does not mean that it was all the Plaintiff owed. (Def.'s Mot. to Dismiss, at 20-21.) Indeed, the Plaintiff attached a letter from Chase to her Amended Complaint which states that, as of August 1, 2012, she owed $140,048.83

on her loan.[5] (Am. Compl., Ex. H.) Thus, the Plaintiff's unjust enrichment claim should be dismissed.[6]

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiff's Motion to Remand [Doc. 6] and GRANTS the Defendant's Motion to Dismiss [Doc. 4].

SO ORDERED, this 21 day of February, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[5] This amount would not include the costs associated with the foreclosure sale itself.

[6] The Plaintiff did not discuss the unjust enrichment claim in her Response to the Defendant's Motion to Dismiss.